Final case on our docket today is agenda number 8, number 128587, People of the State of Illinois v. Shemar Griffin. Counsel for the appellate. You may proceed. May it please the court. Counsel, I am Assistant Attorney General Erin O'Connell on behalf of the people. This court should reverse the judgment of the appellate court in this case because it committed two separate errors when it granted leave for a petitioner to file his successive petition. First, the court, in holding that petitioner had set forth a colorable claim of actual innocence, applied the wrong legal standard to that claim where petitioner had pleaded guilty. And second, the court erred when it held that the petitioner did not need to show cause and prejudice on his second claim, which was ineffective assistance of trial counsel. Turning first to the first issue of the claim of actual innocence, this court recently in 2020 in People v. Reed set forth a special standard that applies for petitioners who pleaded guilty. The court in that case declined to bar such claims where there's been a guilty plea, but it held that those petitioners need to be held to a heightened standard to prevail on a claim of innocence. Such petitioners, unlike a petitioner who's been convicted at trial, need to come forward with evidence that clearly and convincingly shows that he would be acquitted if he were to proceed to a trial. The court, in reaching this, crafting this special standard, cited a few special considerations that arise in a guilty plea context. The first is that a guilty plea is essentially a solemn act that's just not, can't be revoked at will by a defendant. The second is that there are very important incentives in a plea bargaining context that require a special finality for guilty pleas. So the state is motivated in light of the finality of a guilty plea to offer certain concessions to a defendant. And the third consideration is that in this context, based on an admission of guilt entered on the record, the state offers a very summary case of guilt just to establish a factual basis to support the guilty plea. So the state might just highlight its best evidence and summarize it, unlike at a full trial on the merits where the state musters everything it has, everything is tested, there's full testimony. The state in this context has offered a very limited case. Because of that, it's just not possible for a court to apply the same standard that would govern someone who's been convicted at trial. So when the Petitioner comes forward with this new evidence, the court can't view that evidence in this full context of the state's full case and can't evaluate properly how this new evidence would be weighed in that context. So based on these considerations of finality and the limited record, the court did impose a requirement, a higher bar that there needs to be clear and convincing evidence and that evidence needs to be reliable. Given that this is the legal standard, we have the three stages of post-conviction review. The same legal standard is going to govern this claim. It needs to also govern at the leap to file stage for the successive petition. And that was the appellate court's error in saying that because we were at the leap to file stage here, the Reed standard didn't apply. It was out the window as to whether the evidence was reliable, as to whether it was clear and convincing. It seems to have reached this conclusion because it believed that it was simply not possible to apply Reed at the first stage of post-conviction review because it does have this reliability component. But this Court has – I think it conflated two separate concepts here. This Court's made clear that a court in – at the first stage of review can't judge the credibility of evidence. But the question of whether evidence is reliable is a different one, and it is something that can be reviewed at this preliminary stage because reliability refers more categorically to certain types of evidence. So there can be forensic evidence is viewed as highly reliable, and then there are categories of evidence that are simply just inherently unreliable. Let's get to that because that seems to be the crux of this case. How does that get sorted out, what is reliable or not? Does it always have to be a third stage, what we think of an evidentiary hearing, every single time after they're a plea and the standard is clear and convincing evidence, therefore there must be a third stage evidentiary hearing? I'm not sure how that works. So tell us how your view, the State's view is, is how does the Court evaluate the documents that are presented to it to determine whether or not the affidavits, the documents are reliable? So to answer the question, there shouldn't be a third stage hearing in every case. And there is only a third stage hearing if there is an initial threshold showing of reliability and the Court has to test is this evidence credible at a full hearing. So reliability refers, I think, more to the type of evidence and less to the specific evidence in the case. So I keep coming back to forensic evidence because that's the best example. The Court rejected forensic evidence. I mean, the State made the argument in Reed, I think, that the only kind of evidence that could be reliable would be forensic. That seems a real clear-cut kind of idea. And the Court rejected that. So what other evidence or how do we view reliability when the initial filing of, let's say, affidavits? What do we do then? So in the context of an affidavit, the Court can look to certain factors to see. One key factor would be is this corroborated in any way by additional evidence? So we've cited some Federal cases that say, for example, you have an alibi witness. Well, are there additional pieces of objective evidence that would corroborate the alibi? Are there receipts? Is there a train ticket that shows that a person was in the particular location? So corroboration is key. There are certain factors that show that evidence is inherently unreliable. And a couple of those factors are at play in this case. So one factor that's viewed with suspicion is someone comes forward many years later. So here, a decade after the fact, a person comes forward and says, well, actually, I was there at this event, and I happened to see everything. But that person didn't come forward. Well, do they have an actual explanation that makes sense as to why they wouldn't have come forward? In this case, we don't have that explanation as to why I believe it was Moore had not come forward in the 10 years since he had witnessed this event. There are the suspicious circumstances that he had just met Petitioner in prison. Essentially, they would have engaged in a conversation. Petitioner said, I was convicted of this. He says, well, actually, I was present at that incident. So I have this evidence that I can provide for you to support your claim of innocence. We've got to just stop there for a minute. Does the Court go through that same kind of analysis if there's a claim of actual innocence, affidavits are filed, and there had been a trial? Does the Court have to make a reliability decision at the very leave to file stage? No. No. No. The standard is different there. And in Peeble v. Robinson, the Court specifically rejected any reliability requirement in that context. Reed, however, set forth the clear and convincing standard, and there's a statement in there that this standard means that the evidence itself has to be reliable. So that is the distinction between the standard that applies at trial and the standard that applies at the guilty plea stage. So the reliability, this is a new analysis, essentially, because that's not what reliability is, is not relevant in that context. So the Court is conducting a new exercise in asking, how do we judge reliability at a leave to file stage? The leave to file stage, it need only be colorable. So there is a difference between what he needs to show at a third stage hearing, and it's a lower burden at the leave to file stage. So the Court does have to craft the reliability standard in light of that lower burden at the initial stage. But then I would come back to these categorical questions of reliability. And again, for the witness affidavit, it would be essentially the corroboration and are there any factors that courts view as inherently suspicious. So the 11th-hour affidavit, a recantation. I think courts categorically say a recantation is very suspect. If someone has given testimony under oath, then they come forward later and they go back on their testimony. We view that with special suspicion. So we would say as a categorical matter, a recantation is not sufficiently reliable to make even a colorable showing of innocence where someone has pleaded guilty. And then I do think there were additional examples, say, from the dissent in the Reid case. An example, it's not forensic evidence, but is there a videotape? Have we found a new surveillance video that shows the actual crime occurring and we can identify that it's a different person? That is critical, reliable evidence, and we would definitely concede that that would meet the standard and warrant Lee to file a successive petition in this context. So it is a new standard, and it will require fleshing out case by case. The federal courts have kind of dealt with this issue. The federal innocence standard does incorporate reliability in every context. So those cases have sort of fleshed out what it means to be reliable, and courts can look at that for guidance. But that is kind of how it plays out case by case. And then I think the application is clear here because we have this affidavit from the prisoner who had come forward with no explanation. And then even more clearly unreliable is the second affidavit, which is by Miles, where he is recounting a conversation he had with someone who in turn had conversations with state witnesses. That is a hearsay within hearsay, which even we even accept that hearsay itself is unreliable. Those double layers of hearsay are even more unreliable. That does not meet any standard of reliability. It is not colorable. It does not warrant leave to file a successive petition. So even though there is going to be some room for application of this principle in case-by-case context, this case provides a clear instance where this evidence is clearly not reliable enough to meet the standard. Go ahead. Unless the court … Counsel, if we do what you are asking, are we rewriting the statute as it relates to these types of petitions? On the innocence question, it is more of a common law claim that this court has developed separate from the statute. It has set forth the standard under the Illinois Constitution for claims of innocence and it has articulated that in various ways. It has to be colorable at the successive petition leave to file stage. And then what that – what innocence means, traditionally in almost every case it means the same thing, but Reed's indicated that it means something different in the guilty plea context. So the court is expanding on the case law that it needs to be colorable and making clear that the Reed standard, that the special standard that it developed there applies at this stage as it does at every other stage of the post-conviction process. So we are not running to a problem with the gist standard versus this standard? So I don't think the court needs to define what the room would be between the gist standard and the leave to file standard, but people read Robinson makes clear that the gist standard is lower for an initial petition. We're dealing with a successive petition where he's already had a full process on the initial PC. He does, in order to undermine finality and further contest the validity of his conviction, need to meet a higher burden to warrant proceeding further. So it's just in that context that this standard is being applied here, and this is a higher burden than the gist standard. If the court doesn't have additional questions about the innocence claim, I just wanted to touch briefly on the second error here, which is actually not an issue of first impression. This court has held repeatedly that where we have this disfavored successive petition, we have to look at each claim in the petition to judge whether it meets the standard necessary for leave to file. So it's developed the actual innocence colorable claim standard, which governs the first claim. But every other claim in the petition is separately evaluated as to whether it meets the statutory requirement for filing a successive petition, and that's the cause and prejudice standard. So this Court in Pitzenbarger said every claim in the petition has to meet the cause and prejudice standard. It applies individually, claim by claim. The Court erred in this case in failing to apply that standard, and it improperly applied the standard that would apply to an initial petition, the gist of a constitutional claim. In that case, the petition only needs one claim, and the whole petition can proceed. Successive petitions are just treated differently. There's a higher burden, and it applies to each claim in the petition. So we would ask that the Court reverse on both points the reasons we've litigated here as to whether there is cause and prejudice or brief set out as to whether that's met here. But even if this Court were to, because it wasn't addressed by the appellate court, were just to vacate that portion of the ruling and remand for consideration, it should reinforce that the analysis has to apply to each claim in a successive petition. So for both reasons, we would ask that this Court reverse. Thank you very much. Good morning, and may it please the Court and Council. I'm Rachel Kinstrand. I'm from the Office of the State Appellate Defender, and I represent the appellee, Shamar Griffin. This Court should affirm the well-reasoned decision of the appellate court in Shamar Griffin's case. At the leave-to-file stage, where this Court has consistently said no credibility, reliability, or factual findings are made, and a court is only considering the sufficiency of the pleadings, the appropriate standard is the Robinson standard. That standard is whether Petitioner's newly discovered, material, non-cumulative evidence is of such a conclusive character that it would probably change the result on retrial. If the supporting dot We're in a different world in Robinson, right? We're in a different world only in respect to the underlying judgment. We're not in a different world in respect to the Post-Conviction Act. What do you mean by that? We're at a pleading stage. This is a pleading stage. We're trying to figure out how to use this new evidence that's being presented. Is it sufficient to move forward, right? And that's true in all these cases. We're in a position where there's been a plea of guilty. And so trying to determine, looking at this new evidence and trying to decide would it have any impact on this conviction, it's a different analysis if it's a trial, and different than the analysis when there's a plea, correct? I don't think it has to be a different analysis at this particular stage. I think the only thing we're considering at the lead-to-file stage is the sufficiency of the pleadings. In civil practice, courts in Illinois are no stranger to having a different standard at one stage of proceedings. They are at the pleading stage. We'd have a So that's just your argument. Now I kind of understand. The basic analysis that we've used in every other case, whether it's been a jury trial, we should use the same standard for filing even if there's been a plea. Is that basically your argument? That's my argument. And I also want to point out I don't think that's a unique argument. I don't think that there's something so untoward about confining clear and convincing to the third stage because this is clear and convincing. Evidence leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition at issue. It's less than beyond a reasonable doubt but more than a preponderant standard. I don't know how you reach that if you don't have a hearing. I mean, we have multiple examples in Illinois where we apply different standards. Parental fitness, for example. That's an evidentiary hearing where clear and convincing applies. In contrast, summary judgment motions. Is there a material issue of fact such that the plaintiff can't satisfy as a matter of law's burden? But we're not considering whether he meets the preponderance of the evidence at trial. So this isn't a unique, it's not a unique thing. We can have different standards. Courts are more than capable of applying different standards. But more importantly, I just don't know how you would do it without doing what the state is asking you to do, which is to confine the pro se incarcerated litigant to a certain category of evidence. And so since the court said we will entertain guilty plea cases, an actual innocence claim in a guilty plea, and set a higher standard than the standard that was used when there was a jury trial. Evidence must be clear and convincing. You're saying because the court had a higher standard, every single actual innocence claim has to have a third stage hearing before it must go to an evidentiary hearing? I'm not suggesting that courts couldn't view the evidence in cases differently to determine whether they satisfy the Robinson standard. I do think it's pretty hard to determine if evidence is convincing if you don't hear testimony. I don't know how you determine that, other than do what the state is asking you to do. The state can't even really explain, other than make the same arguments they've made way back since Coleman in Washington, that you have to confine it. But what happens in a case like Griffin's, where it's almost entirely witness statements? I mean, to my knowledge, the only thing that comes up in the pre-plea proceedings is that they ran some ballistics evidence. All of this comes down to witness identification. And I want to point something out, too. There's other evidence in the record that suggests there are problems with this investigation. And I'm referring mainly to the police reports. The appellate court referred to the police report as evidence of his confession. But I do want to point out that at the canvas, there were two witnesses that said they saw two separate cars. One was a silver car. One was a dark-colored vehicle. And that the driver got into the silver-colored car with a bunch of other occupants. Now, that's different than what comes out in the factual basis. And those factual basis witnesses came forward five days after the shooting with a volunteer of information implicating my client. Counsel, what about the fact that opposing counsel argues, you know, you have deprived, your client has deprived the state the opportunity to have a trial to simply give a factual basis at the plea, and now we're coming back and not holding your client to a higher standard given that situation? Well, again, I would point out some of the same arguments I made in the brief, which is we're not getting ultimate relief at this stage. All we're asking for is second-stage proceedings. Then there's even another process there for the state to move to dismiss and make the same arguments that they did. We're not, we don't get a withdrawal of the guilty plea and a new trial at this stage. But wouldn't the same idea apply at the second stage? Given your point of view, the Court would have to find that all the evidence was reliable, right, at the second stage. Well, they don't have to find, they don't find anything at the second stage. They have to take it as true. They have to take it as true, reliable, and credible. So if they did the file, right, every time that they file, if there's a plea of guilty, actual innocence claim made, there must be an evidentiary hearing. That's what your argument leads to, doesn't it? Or you could overturn Reed and vacate the clear and convincing standard if it's proving to be such a difficulty for the courts, which I don't think that would be the end of the world either. These cases just don't happen that often. I mean, we're not seeing a wealth of actual innocence claims coming through the door. In the past 10 years, it's primarily been Whitfield claims or Miller claims on sentencing. I can't count on you. I don't know why it would change if it was under the low, if we're not seeing a bunch of them under the Robinson standard. Why would they suddenly change now under this clear and convincing? It just, it just. Let me tell you this. This is off the record. I mean, we have 12 criminal cases this week in oral argument. Half of them are PC cases. And most of them have actual innocence claims. So. But how many are there guilty pleas? Well. But that's the thing is. But I find some. So, I mean, this is, this is like the, when we talk about, I mean, this is, this case is huge, obviously, because it affects so many cases coming before this court and in the courtrooms. We understand that. Reid changed a lot of things, and we have to figure out a way forward. So, I think what we're trying to figure out, there's supposed to be a, Reid says, the other cases have said, a higher standard, and yet the defendant, the petitioner in these contexts, gets more hearing than if there had been a jury trial. How could that be? Well, I, again, I think, I'm not going to belabor all the points I made in the brief, but how about we talk a little bit about what's actually in these affidavits. So, we've got one affidavit that says somebody else did this shooting. And to the State's point, the affidavit said he was scared of Jarrell Butler and his friends. Then we have a second affidavit from Miles, and albeit it's hearsay, although the rules of evidence don't apply, where he's having a conversation with Cornell McWilliams. Now, Cornell McWilliams was at the scene of this shooting. That's pretty clear from the police reports. And he's explaining all the reasons why these factual basis witnesses lied. He's explaining that Otis Houston, who was the attempt murder victim, owed money to Butler, giving Butler a motive to shoot him, and also that Harmon and Barnes were engaged in a drug trade, and that they came forward with this information for the police with the hope that they would be able to continue unabated. Now, I think when you have the identification of another shooter, and you have a witness who claims these factual basis witnesses lied, it impeaches their credibility. It's more than just conflicting evidence. So, to the extent that the Court is concerned that, you know, we have to apply some higher standard, and again, I'm not entirely sure how that works at the leave to file stage, I think he meets it. I think this evidence is so distinct because of the identification of another person and because of the affidavit undercutting these other witnesses, along with other things in the record, his consistent claim of innocence. I've represented him since 2013. He's always contested that he gave this false confession, that he was coerced. The police reports, even if some of it's damning, it also points out that this investigation sort of wrapped up the minute these other witnesses came forward with this volunteer of information. There's no apparent follow-up on these canvas witnesses that saw something different. And then, you know, the terse nature of the factual basis, I mean, the State didn't put much in, but they're all, all of these witnesses have a motive to lie. And I think that under these circumstances, even if you were going to apply a higher standard here, you should still find that my client gets second stage proceedings. I think this is, the case here is so unique. The facts are so unique, and the nature of these affidavits should be tested. So this is a case, unlike Reed, where you're dealing with a recantation and a co-defendant, and then you're weighing that against a police officer who was at the scene and did the arrest and recovered the contraband. This is different. This is all witness statements. The alternative is that somebody whose case depends entirely on witness statements, then if you hold him to a higher standard, can he never get further post-conviction proceedings? How do we weigh that out? If it's only, if he can never find forensic evidence, if there's never surveillance footage, if there's never receipts? I don't even know what those would be in this case. Should he be barred? I don't think that's within the spirit of the act at all. So counsel, are you saying that your client meets the higher burden or not? I'm arguing, one, that the higher burden shouldn't apply. That this Court and the courts in Illinois are perfectly comfortable with different burdens. That there's not, it's not going to open the floodgates. And that the only way the State has conceptualized this is to make the same arguments that have been repeatedly rejected, but that even if you wanted to apply a different standard, this case is unique. And that there's enough in this record here, and that these affidavits show enough issues with this case, coupled with his consistent claims of innocence, his consistent claims of ineffective assistance of counsel, bolstered by some of these other cases where the detectives are alleged to have a wrong defendant, and that defendant has subsequently been acquitted. So there's, you know, maybe it's not a pattern in practice case, but it goes to the credibility of this investigation and be admissible at a third stage hearing. It's certainly something that supports his ineffective assistance of counsel claim for failing to do anything, particularly when faced with a circuit court that kept telling what a legend his public defender was. And even if you're a great plea bargainer, a great negotiator, it doesn't help if your client is consistently claiming his innocence. And it makes sense that he wanted to see those police reports as highlighted by one of those pre-plea hearings, because those police reports show that there were other things out there that were worthy of investigation. So do you say that your client meets the higher burden or not? He meets the higher burden, with the caveat. And I'll just touch... Could you address the second issue a little bit? I sure can. And how we look at, just straight up PC... Well, again, you know, Pitsenberger and I think it was Edwards, those were, again, those were different stages. That was the second stage. I think at the sleeve-to-file stage, it's perfectly fine to decide one claim and say, well, you satisfied that claim, and then we'll send the whole thing back without considering whether you established cause and prejudice for the ineffectiveness claim. And the reason is, it's because to do otherwise would make no sense under Rule 651. I mean, if you're allowed to amend the petition, and that's, again, another problem with applying a higher standard. If you're contemplating that these petitions be amended to avoid any kind of forfeiture waiver or raise any other claims that are available from the record or outside the record after consultation with the client, which is what the rule requires, then it doesn't make sense to put a bar by deciding a claim at the appellate stage without sending it all back. It would make no sense to allow for an amendment, then. And that's what these cases require. Again, we're considering sufficiency. We're considering access to the type of categorical evidence that the State wants, who's doing the best that he can with the claims in front of him, and should be, should be given the benefit of the Robinson standard, but in this case needs a higher standard nonetheless. And for those reasons, if the Court has no other questions, I would ask you to affirm the well-reasoned opinion of the appellate court. So I'm going to start by disputing that there's no floodgates risk here. Up until Reed, no guilty plea petitioner could raise a claim of innocence in a post-conviction petition. There was an appellate court case, I think it was Simmons at the time, said you cannot categorically raise these claims. Reed said, we're not going to adopt that categorical bar. We're going to let some of these claims get through. So I don't think we've seen it play out yet as to how many of these petitions are going to be filed. We do know that most convictions are premised on guilty pleas. So this opened the door pretty wide to a brand new category of petitioners to start bringing in new evidence to challenge their convictions on guilty pleas. We also know Robinson was decided around the same time. And Robinson adopted a pretty lenient standard for petitioners who were convicted at trial. In the three years since Robinson came out, there are just an enormous number of cases where there have been evidentiary hearings on claims of innocence on the logic that none of these questions over liability or credibility can be evaluated at the initial pleading stages. So every case needs to go to an evidentiary hearing. That might be appropriate for the reasons set forth in Robinson for petitioners who contested their guilt and went to trial. It's just not appropriate, as this Court held in Reed, for guilty plea petitioners to have the same lenient burden to meet at these pleading stages. And I think there's also a question as to what these evidentiary hearings are going to look like. The petitioner has said, well, we can bring in the evidence, we can hear from Moore, we can hear from Miles. But what is this State supposed to do? Because they've never put on their own witnesses. They didn't have the trial. Do they come to these third-stage hearings and for the first time they call all their eyewitnesses? In this case, we have four witnesses discussed in the factual basis who were witnesses to this event. Perhaps the most compelling witness was the attempted murder victim who was shot four times. He identified Petitioner as the shooter. None of the new evidence impeaches him in any way, and I haven't heard a basis articulated as to why he would have a motive to lie. Do we now need to bring in this surviving victim and have him give his testimony for the first time at this evidentiary hearing? That's not the way guilty pleas are supposed to work. Guilty pleas are supposed to have some measure of finality because the Petitioner has opted to come in and waive his right to the trial and admit on the record that he is guilty of the crime. Certainly, Reed recognized that's not always the case, that the Petitioner is, in fact, guilty when he pleads guilty. But it only meant to open the door a crack, I think, to those who can come forward with truly compelling evidence of their innocence more than would meet the standard under Robinson to apply to these other Petitioners who went to trial. It's a much higher burden. And, of course, it needs to be fleshed out case by case as to what is reliable and what is not. But for purposes of this case, these witnesses are not reliable. The affidavits came too late. In one case, they're just based on hearsay. That's not enough at this point to require the State to come forward with its evidence, which at this point is stale, and to hold a new trial, a first trial on the merits to overcome a claim of innocence. And then just to reiterate, I emphasized it in my initial argument, but we're not asking for a new standard to be applied. The standard for a claim of innocence is a colorable claim that applies across the board, whether you pleaded guilty or not. The standard differs only in what that means. And Reed supplies the definition of what that means in the context of a guilty plea. It means that there is new reliable evidence that clearly and convincingly shows that there would be no conviction at trial. So this Court should apply that standard at the lead-to-file stage as it has in Robinson and Edwards to those who proceeded to trial. It should just apply the correct standard to those who pleaded guilty. So if the Court has no questions, we would ask this Court to reverse. Thank you very much. This case, Agenda No. 8.